UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>Plaintiff,<br><br>v.<br><br>**BRIAN FEDERICO AND KEVIN LANEY**,<br><br>Defendants. | Case No.  12-cr-00862-YGR-2<br>Case No.  12-cr-00862-YGR-3<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR ACQUITTAL OR NEW TRIAL** |

Following an eleven-day bench trial, the Court issued its Findings of Fact and Conclusions of Law, finding defendant Kevin Laney guilty on Counts One and Two and defendant Brian Federico guilty on Counts One, Two, and Three and not guilty on Counts Four and Five. (Dkt. No. 178.) Thereafter, defendants moved for acquittal pursuant to Federal Rule of Criminal Procedure 29 or, in the alternative, for a new trial pursuant to Rule 33. (Dkt. Nos. 180 ("Mot."), 181.) Generally, defendants argued the verdicts "were against the weight of the evidence." (Mot. at 6.) The government opposed the motion. (Dkt. No. 182.) The Court found the motion appropriate for resolution without oral argument (Dkt. No. 187), and no party objected to that approach.

**I.    MOTION FOR ACQUITTAL**

This motion effectively renews, in light of all the evidence presented at trial, defendants' Rule 29(a) motion for judgment of acquittal made at the close of the government's case-in-chief, which the court reserved upon and ultimately denied in its July 23, 2015 Findings of Fact and Conclusions of Law. (Dkt. No. 178 at 11 n.3.) Rule 29(c) provides as follows:

> After Jury Verdict or Discharge.

> (1) Time for a Motion. A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.
>
> (2) Ruling on the Motion. If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.
>
> (3) No Prior Motion Required. A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge.

Fed. R. Crim. P. 29(c).

As noted, defendants argue the verdicts "were against the weight of the evidence." (Mot. at 6.) "There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Magallon-Jimenez*, 219 F.3d 1109, 1112 (9th Cir. 2000) (noting "[t]his same test applies to both jury and bench trials"). "In a bench trial, the judge acting as the trier of both fact and law implicitly rules on the sufficiency of the evidence by rendering a verdict of guilty." *United States v. Atkinson*, 990 F.2d 501, 503 (9th Cir. 1993) ("A motion to acquit is superfluous because the plea of not guilty has brought the question of the sufficiency of the evidence to the court's attention."). Thus, for the reasons stated in its July 23, 2015 Findings of Fact and Conclusions of Law, the Court **DENIES** defendants' post-trial Rule 29 motion. The Court notes that "no motion for acquittal is necessary in a bench trial in order to preserve for appeal a challenge to the sufficiency of the evidence." *Id*. at 503.

## II. MOTION FOR A NEW TRIAL

Defendants alternatively seek a new trial under Rule 33, which provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. Defendants do not point to any newly discovered evidence, but merely argue a new trial should be granted for the same reason they contend a judgment of acquittal is warranted—namely, because "the verdicts in this case were against the weight of the evidence." A Rule 33 motion may be granted on such grounds if, "despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently

1 heavily against the verdict that a serious miscarriage of justice may have occurred." *United States*
2 *v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000) (quoting *United States v. Alston*, 974 F.2d
3 1206, 1211-12 (9th Cir. 1992)).  For the reasons stated in its July 23, 2015 Findings of Fact and
4 Conclusions of Law, the Court does not find that "the evidence preponderates sufficiently heavily
5 against the verdict" such that "a serious miscarriage of justice may have occurred."  To the
6 contrary, the Court confirms that its earlier findings of guilty were proven beyond a reasonable
7 doubt.  Therefore, the Court **DENIES** defendants' Rule 33 motion for a new trial.

This Order terminates Docket Number 180.

**IT IS SO ORDERED.**

Dated: September 10, 2015

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**