UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff, <br> v. <br> **BRIAN FEDERICO**, <br> Defendant. | Case No. 12-cr-00862-YGR-2 <br><br> **ORDER DENYING DEFENDANT'S REQUEST FOR LEAVE TO FILE NEW MOTION FOR A NEW TRIAL** <br><br> Re: Dkt. No. 197 |

Following an eleven-day bench trial, the Court issued its Findings of Fact and Conclusions of Law on July 23, 2015, finding defendant Brian Federico guilty on Counts One, Two, and Three and not guilty on Counts Four and Five. (Dkt. No. 178.) Thereafter, on August 6, 2015, defendant timely moved for acquittal pursuant to Federal Rule of Criminal Procedure 29 or, in the alternative, for a new trial pursuant to Rule 33. (Dkt. No. 180.) Generally, defendant argued the verdict was "against the weight of the evidence." (*Id*. at 6.) The motion was denied. (Dkt. No. 188.) Now, represented by new counsel, defendant requests leave to file a new motion for a new trial on the grounds that he was denied his constitutional and statutory rights to a trial by jury as a result of (1) his former counsel's alleged failure to inform him of relevant circumstances and (2) the purported absence of a "personal, knowing, and intelligent waiver" of his right to a jury trial. (Dkt. No. 197 at 1-2.)

Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Such a motion must be filed within 14 days of the finding of guilty or, alternatively, within three years of that

date so long as no appeal is pending if the motion is "grounded on newly discovered evidence." Fed. R. Crim. P. 33(b); *see also United States v. McGowan*, 668 F.3d 601, 604 (9th Cir. 2012). Here, the 14-day deadline elapsed prior to the instant motion being filed. Defendant's motion is thus apparently premised upon purported "newly discovered evidence." The Ninth Circuit has explained that, in order "to prevail on a Rule 33 motion for a new trial [based on newly discovered evidence], the movant must satisfy a five-part test: (1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal." *United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir. 1991).

Here, the purported newly discovered evidence was the defendant's discovery that his prior counsel had misinformed him regarding the number of jurors on a federal criminal jury. As a preliminary matter, the Court notes that the defendant concedes that he informed his counsel that he was "agreeable to proceeding with a bench trial," prior to his counsel's submission of a stipulation to that effect. (Dkt. No. 197-5 ¶ 6.) The defendant's claim that he was misinformed by experienced counsel regarding the number of jurors on a federal jury and that he would not have otherwise agreed to waive his right to a jury trial strains credulity in light of the procedural history of the case, the joint defense approach, and the lack of any corroborating declaration from his former counsel. Regardless, the sort of "newly discovered evidence" which warrants a delayed motion for a new trial "is limited to where the newly discovered evidence relates to the elements of the crime charged." *See United States v. Hanoum*, 33 F.3d 1128, 1130 (9th Cir. 1994) ("Newly discovered evidence of ineffective assistance of counsel does not directly fit the requirements that the evidence be material to the issues involved, and indicate that a new trial probably would produce an acquittal."); *but see United States v. Ford*, No. CR-06-0083-EFS, 2009 WL 799672, at *10 (E.D. Wash. Mar. 24, 2009) (considering motion for new trial based on newly discovered evidence relating to defendant's ignorance, during trial, that he faced a mandatory life sentence if convicted, a purported Sixth and Fourteenth Amendment violation). As defendant has put forth no legal authority warranting the relief requested under these circumstances, the motion is **DENIED**.

1  Defendant may of course raise his concerns on direct appeal or through habeas proceedings, as
2  may be appropriate.
3      This Order terminates Docket Number 197.
4  **IT IS SO ORDERED.**
5  Dated: November 6, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**