UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 12-0862-02 AND -03 YGR |
| Plaintiff, | **ORDER GRANTING MOTION FOR FORFEITURE OF PROPERTY AND DENYING MOTION TO CONTINUE SENTENCING TO JANUARY 2016** |
| v. | |
| BRIAN FEDERICO AND KEVIN LANEY, | Dkt. Nos. 198, 215 |
| Defendants. | |

The Court issues this Order in advance of the sentencing of Brian Federico and Kevin Laney **GRANTING** the government's Motion for Forfeiture of Property and **DENYING** Motion to Continue the Sentencing into January 2016. This Court found defendant Federico guilty of Counts One, Two and Three of the Indictment and not guilty of Counts Four and Five. Defendant Laney was found guilty of Counts One and Two.

As a preliminary matter, the Court recounts a portion of the procedural history:

On September 23, 2015, Christopher Morales appeared before this Court on behalf of defendant Brian Federico requesting that the Court (i) approve a substitution of attorney, (ii) continue the sentencing in this matter, and (iii) allow him to bring a motion for a new trial. The Court indicated then that a second motion for a new trial would not be allowed and the sentencing would not be continued. (*See* Order Denying Defendants' Motion for Acquittal or New Trial at Docket No. 188.) Under those circumstances, knowing then that the Court would not continue the sentencing, the Court requested confirmation whether the substitution was nevertheless requested. Mr. Morales maintained the request and the Court approved the substitution. (Dkt. No. 191.)

On October 15, 2015, the government filed a Motion for Forfeiture of Property seeking entry of a money judgment in the amount of $1,287,000 against both defendants joint and severally and providing the Court with an amended proposed form of order.  (Dkt. Nos. 198, 201.)  Defendants did not file any opposition of the motion.  (Crim. L.R. 47-2(d).)  Nevertheless, the Court requested a short five-page brief by the defendants addressing the form and substance of the amended proposed order and whether the joint and several liability on the proposed order of *forfeiture* was appropriate.  Pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), a court must enter a preliminary order sufficient in advance of sentencing to allow the parties to suggest revisions or modification before the order becomes final as to the defendants under Rule 32.2(b)(4) at sentencing, unless doing so is impractical.

On November 9, 2015, the deadline for the defendants' response, the government filed a Supplemental Sentencing Memorandum attaching a Victim Impact Statement in which Matrix Service Company requested an order of *restitution* in the amount of $4,424,121.89.  (Dkt. No. 214.)  Later that day, the defendants filed a joint motion to Continue Sentencing Hearing and Accompanying Briefing Deadlines into January 2016 arguing that in light of the government's filing, they had insufficient time to address the issues raised by the Court.  (Dkt. No. 215[1].)  However, defendants made no distinction or showing as to why the request for an order of restitution impacted its ability to respond as to the proposed order of forfeiture.  "Criminal forfeiture is [] separate from restitution, which serves an entirely different purpose."  *United States v. Newman*, 659 F.3d 1235, 1240 (9th Cir. 2011.)  Nor is there any indication that the government advocates for the requested order of restitution.  In fact, the government's sentencing memorandum requests a custodial sentence, "no fine, and order $1.3M in restitution." (Dkt. No. 211 at 8:6.)

Yesterday, on November 12, 2015, the government filed a Response providing additional authority in support of their application for an order of forfeiture.  Later that day, defendant Laney filed a response indicating that after "reviewing of [sic] the law and the record currently before the court,...[he] **SUBMITS** the matter to the court for it's [sic] review and decision."  (Dkt. No. 218.)

---

[1] The Court notes that counsel for Federico also indicated that on October 29, 2015, he received the equivalent of three boxes of documents from prior counsel.  (*Id.*)  Counsel for Federico also filed a supplemental declaration on November 10, 2015.  (Dkt. No. 216.)

CR 12-0862 YGR

With respect to the motion to continue, under Local Rule 32-2(a), any motion to continue a sentencing shall be filed *prior* to the filing of the presentence investigation report. On October 8, 2015, the United States Probation Office disclosed the draft Presentence Investigation Reports to the parties. The final reports were filed on Monday, November 2, 2015, eighteen days after the government's motion. (Dkt. Nos. 206, 207.) Despite outreach from Probation, defendant Federico did not participate in the process. By contrast, defendant Laney participated by telephone interview with his retained counsel. (*Id.*)

On November 7, 2015, the government timely filed a sentencing memorandum. (Crim. L.R. 32-5(b), Dkt. No. 211.) On November 9, 2015, defendant Laney filed an untimely sentencing memorandum requesting a sentence outside of the U.S.S.G. calculations. (Dkt. No. 213.) Given the lack of any argument regarding the calculation itself, the Court interprets the memorandum as requesting a variance. Defendant Federico failed to file any sentencing memorandum whatsoever regarding the accuracy of the calculations or any basis for a departure or variance.

The Court now moves to the pending motions:

First, with respect to the Motion for Forfeiture of Property, the Court is satisfied with the authority provided by the government that joint and several liability is appropriate where, as here, evidence supports the amount of $1,287,000 which constituted the total amount of the total amount of the proceeds obtained by the defendants' conspiracy and the defendants were found guilty of the same. *United States v. Newma, supra*, 659 F.3d at 1242. A separate order of forfeiture will issue herewith. The Court further finds that defendants have been provided with more than ample opportunity to address these issues. However, out of an abundance of caution, because as a technical matter, the preliminary order will only issue today, the Court will consider whether a continuance of a few days is warranted. The Court will address the issue at today's sentencing hearing.

Second, with respect to the Motion to Continue the Sentencing hearing into January 2016, the motion is **DENIED**. Not only is the request untimely under the Local Rules, but no justification has been provided for defendant Laney's lack of responsiveness on any of the issues raised in the Presentence Investigation Report, including, without limitation the Guideline Calculations or any factors which may

CR 12-0862 YGR

bear on a departure or a variance. Further, in light of yesterday's filing by defendant Laney, the Court is not certain whether he maintains the request for a continuance.

Finally, the parties are advised to be prepared to discuss the issue and timing of an order regarding restitution given the varying perspectives before the Court.

This Order terminates Docket Nos. 198 and 215.

**IT IS SO ORDERED.**

DATED:  November 13, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

CR 12-0862 YGR