UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>v.<br>**BRIAN FEDERICO,**<br>Defendant. | Case No. 12-CR-00862-YGR-2<br><br>**PRE-TRIAL ORDER NO. 2: FURTHER TRIAL SETTING ORDER & ORDER RE: MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 357, 358, 359, 360, 361, 362, 363, 364, 365, 367 |

Having considered the filings to date and the regularly scheduled conferences, and for good cause shown, the Court enters the following orders:

**A. STANDARD TRIAL ORDERS**

1. **Trial Date and Schedule:** The trial of this matter is set for jury selection to begin on Wednesday, August 28, 2019 with evidence to commence on **Wednesday, September 4, 2019**.[1]  For the reasons stated on the record, the defense motion to continue the trial date is **DENIED**.  (Dkt. No. 367.)

2. **Procedural Stipulations**: Attached hereto as Exhibit A is an outline of stipulations. To the extent agreed upon, each party shall sign and file file said document by Friday, August 30, 2019.

3. **Exhibits**: The jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court. If appropriate, the jury will be allowed to use a secured laptop computer to review

---

[1] The Court notes that although, and as indicated by the Court in its May 31, 2019 Pretrial Order No. 1, the trial schedule will be, generally, Monday through Thursday, from 8:30 a.m. to 1:30 p.m., for the first week of trial, the schedule will extend to Friday, September 6, 2019 from 8:30 a.m. to 12:00 p.m.  (*See* Dkt. No. 347.)

evidence admitted during trial.  Counsel should review the Court's information in this regard found at: http://cand.uscourts.gov/jurypc.

4. **Notices to Defense Counsel:** Defense counsel may reserve a conference room in the attorney's lounge for the period of the trial.  However, they are only available on a first-come, first-serve basis.  Further, defense counsel must provide the Court with a form of order for any equipment or supplies requested to be brought into the courthouse.

5. **Witnesses at Trial:**  The party presenting evidence shall give the other party 24 hours written notice of the witnesses to be called unless otherwise agreed upon by the parties themselves.  The parties are admonished that use of trial time is critical given the limited resources of the Court.  All parties must have witnesses ready and available to testify. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

6. **Prior Proceedings**:  To the extent that the parties introduce prior trial testimony of Mr. Federico or any other witness for impeachment or other purposes, parties shall refer to that testimony as "testimony from a prior judicial proceeding."

7. **Objections:**  There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief – e.g., "hearsay," and if a rebuttal requested, "not offered for the truth."  If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

8. **Requests for Transcripts:**  If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) by **Wednesday, August 21, 2019**.

9. **Selection of Jurors**:  The Court will seat a total of twelve (12) jurors and four (4) alternates. Pursuant to Rule 24 Criminal Rules of Procedure, because the offense charged is punishable by imprisonment for more than one year, the government is allocated seven (7) preemptory challenges and the defendant is allocated eleven (11)

preemptory challenges. Accordingly preemptory challenges shall be exercised in the following sequence:
- Prosecution First
- *Defense First and Second*
- Prosecution Second
- *Defense Third and Fourth*
- Prosecution Third
- *Defense Fifth and Sixth*
- Prosecution Fourth
- *Defense Seventh and Eighth*
- Prosecution Fifth
- *Defense Ninth*
- Prosecution Sixth
- *Defense Tenth*
- Prosecution Seventh
- *Defense Eleventh*

*Batson* motions must be made in a timely fashion. Argument on the same shall be made outside the presence of the jury panel.

10. **Trial Decorum and Procedure:** Counsel, parties, and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial. Do NOT approach other parties' witnesses without permission. You may approach your own non-hostile witnesses without permission.

During voir dire you will be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors. You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

11. **Failure to Comply:** Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or evidentiary sanctions.

\\
\\
\\

3

**B. ORDERS RE: GOVERNMENT'S MOTIONS *IN LIMINE*[2]**

1. **GOVERNMENT'S MOTION NO. 1** regarding the admissibility of statements by defendant and co-conspirators is summarily **DENIED** as overbroad and merely a recitation of the Federal Rules of Evidence which defendant does not dispute. Defendant and counsel are admonished that the out-of-court statements (oral and written) of defendant and his alleged co-conspirators are not admissible and may not be elicited or included in testimony. Should cause exist to include them, the defendant must first gain the permission of the Court outside the presence of the jury.

2. **GOVERNMENT'S MOTION NO. 3** regarding references to selective prosecution or delay is **GRANTED** as unopposed. The defense shall not introduce evidence of selective prosecution or fault the government for any alleged delay in bringing the indictment or this action to trial. *United States v. Oaks*, 508 F.2d 1403, 1404 (9th Cir. 1974) (selective prosecution claims should be raised in the context of a Rule 12(b) pretrial motion). However, the defense may cross-examine witnesses as to whether their "memories have faded" given the passage of time. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (noting that delay increases the risk that witnesses' memories will fade and evidence will become stale).

3. **GOVERNMENT'S MOTION NO. 4** regarding references to punishment is **GRANTED IN PART** as unopposed and **DENIED IN PART**. The defense shall not reference any punishment faced by Mr. Federico. However, the defense may cross-examine cooperating and co-defendant witnesses on their motives for why they are testifying, including any punishment they faced prior to and after pleading guilty. *United States v. Larson*, 495 F.3d 1094, 1102 (9th Cir. 2007) (holding that the district court erred in prohibiting defense counsel from cross-examining government witnesses about mandatory minimum sentences they escaped because of their cooperation).

---

[2] The Court notes that the Government's Motion in Limine No. 2 was resolved and is therefore not before the Court.

**C. ORDERS RE: DEFENDANT'S MOTIONS *IN LIMINE***

1. **DEFENDANT'S MOTION NO. 1** to exclude evidence relating to Count 6 of the indictment is **DENIED** without prejudice to raising an objection pursuant to Federal Rule of Evidence 403 at trial.

2. **DEFENDANT'S MOTION NO. 2**: **RESERVED**. Defendant's supplemental briefing on the issue of whether there is a constructive amendment to the indictment, first presented during the pretrial conference on August 16, 2019, requires additional briefing. The government's briefing is due **Thursday, August 22, 2019**. Defendant's response is due on **Thursday, August 29, 2019**. To the extent that the Court has any questions, it will address them during final conference before trial on **Tuesday, September 3, 2019** at **8:30 a.m.**

3. **DEFENDANT'S MOTION NO. 3** regarding expert testimony by Justin Pino and Mark Funck is **DENIED** without prejudice.

4. **DEFENDANT'S MOTION NO. 4: RESERVED.** The Court will issue an additional order addressing this motion.

5. **DEFENDANT'S MOTION NO. 5** to exclude testimony regarding "fraud," "schemes," and "kickbacks" is **GRANTED IN PART** and **DENIED IN PART**. The government may not elicit testimony containing legal conclusions. *See United States v. Crawford*, 239 F.3d 1086, 1090 (9th Cir. 2001). However, witnesses may use words such as fraud, kickbacks, scheme based on their own understanding of the words' meaning. The Court may issue a limiting instruction as to the jury's role in determining whether fraud occurred as needed. *See Hangarter v. Provident Life & Assc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004).

6. **DEFENDANT'S MOTION NO. 6** regarding co-defendant plea agreements is **GRANTED IN PART** and **RESERVED IN PART**. The government may not introduce any plea agreements with co-defendant cooperating witnesses themselves as evidence of Mr. Federico's guilt. Parties indicated an intention to consider a stipulation to address use of plea agreements and so the Court reserves as to the remainder of the motion.

This Order terminates Docket Numbers 357, 359, 360, 361, 362, 364 and 367.

**IT IS SO ORDERED.**

Dated: August 20, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

Exhibit A

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **PLAINTIFF,**<br><br>    **VS.**<br><br>,<br><br>    **DEFENDANTS** | CASE NO.: YGR<br><br>**PROCEDURAL STIPULATIONS**<br>**(EXHIBIT A TO PRETRIAL ORDER)** |

PLEASE INITIAL AND SIGN as acceptable:

It is stipulated that the Defendant will be deemed present with counsel, and each of the jurors will be deemed present, upon reconvening after each adjournment or recess, unless the contrary is noted for the record.
    For the Plaintiff _____        For the Defendant _____

It is stipulated that the Jury Instructions and the Exhibits may go into the Jury Room during deliberations.
    For the Plaintiff _____        For the Defendant _____

It is stipulated that the parties need not be present when, during jury deliberations, the jurors are excused for lunch, return for lunch, and/or are discharged in the evening and resume in the morning.
    For the Plaintiff _____        For the Defendant _____

It is stipulated that, during jury deliberations, the jury may recess without further admonition and without assembling in the jury box, and that they may resume their deliberations upon the Deputy Clerk's determination that all jurors are present.
    For the Plaintiff _____        For the Defendant _____

(Party Name) _____    (Party Name) _____

_____    _____
    Signature (Plaintiff's Attorney)                Signature (Defense Attorney)