UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br>Plaintiff,<br>v.<br>**BRIAN FEDERICO,**<br>Defendant. | Case No. 12-CR-00862-YGR-2<br><br>**TRIAL ORDER NO. 1 RE: DEFENDANT'S MOTION IN LIMINE NO. 4**<br><br>Re: Dkt. No. 363 |

Defendant's Motion *in Limine* No. 4 seeks to exclude evidence on the basis of collateral estoppel relating to previously litigated Counts Four and Five of the Indictment or, in the alternative, for an instruction to the jury that defendant has been found not guilty of Counts Four and Five. The motion is **GRANTED IN PART AND DENIED IN PART**.

Collateral estoppel applies to criminal cases through the Fifth Amendment protection against double jeopardy. *Ashe v. Swenson*, 397 U.S 436, 443-46 (1970). The Supreme Court has "defined the collateral-estoppel doctrine as providing that 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *Dowling v. United States*, 493 U.S. 342, 347 (1990) (quoting *Ashe*, 394 U.S. at 443). Therefore, "an individual who has been adjudged not guilty may not be charged again for the same offense or held to answer more than once for conduct that the jury has decided he did not commit." *United States v. Castillo-Basa*, 483 F.3d 890, 896 (9th Cir. 2007). That said, to determine whether evidence is permissibly allowed such that it does not run afoul of the collateral estoppel issues, the Court must determine whether the findings of a prior acquittal determine the ultimate issue as to the counts for which the defendant is being tried. *See Dowling*,

493 U.S. at 348.

Defendant argues that because he was acquitted of defrauding Matrix through the conduct described in Counts Four and Five (Plains All American project) the government is collaterally estopped from introducing evidence of that conduct with respect to the conspiracy to defraud Matrix in Count One. The Court disagrees. Nothing in the findings as to Count Four and Five are inconsistent with a finding of guilt as to Count 1. Said differently, proof of Count 1 is separate and distinct from Counts Four and Five and the Court's prior evaluation of the evidence (and acquittal) with respect to Counts 4 and 5 does not preclude introduction of that evidence for a different probative purpose.[1]

In that regard, Federal Rule of Evidence 404(b) controls. The collateral estoppel doctrine does not "exclude in all circumstances . . . relevant and probative evidence that is otherwise admissible under the Rule of Evidence simply because it relates to alleged criminal conduct for which a defendant has been acquitted." *Dowling*, 493 U.S. at 348. Rather, in "the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *See Huddleston v. United States*, 485 U.S. 681, 689 (1988).

Here, no genuine dispute exists that Rule 404(b) is satisfied.[2] *See United States v. Fuches*, 218 F.3d 957, 965 (9th Cir. 2000). The government seeks to introduce evidence to "demonstrate Federico's overarching plan to defraud Matrix, his knowledge that he had [to] bid an amount beyond the amount Imperial would require to make a profit at the job site, and what motivated him

---

[1] This is not a case where any ambiguity exists that Mr. Federico has a role in the events charged in Counts Four and Five. Thus, the evidence supports the fundamental premise that a jury might reasonably conclude that Mr. Federico played a role even if that conduct did not rise to a level of belief beyond a reasonable doubt that he committed the crimes as charged. *See Dowling*, 493 U.S. 348-49; *see also Charles v. Hickman*, 228 F.3d 981, 986 (9th Cir. 2000) (noting that in *Dowling*, the Supreme Court "held that the case fell within the rule that an acquittal in a criminal case does not preclude the Government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof") (internal quotations omitted).

[2] During the pretrial conference on August 16, 2019, defense counsel conceded that the elements of Rule 404(b), as construed by *United States v. Fuches* – materiality, similarity, sufficient evidence, and lack of remoteness – are met.

to commit this fraud. . . ." (Dkt. 372 at 4:18-20 [to show Federico's motive, knowledge, and plan].) Such evidence is admissible and, in terms of overview and background to and motive for the scheme generally is not more prejudicial than probative. If the government attempts to go overboard in the introduction of this evidence however, the Court will entertain a motion at the time of trial. Accordingly, the Court **DENIES** the portion of defendant's motion seeking to exclude all evidence related to Counts Four and Five of the Indictment.

However, the Court finds that an instruction may likely be appropriate, but the issue is not ripe. The nature of the instruction depends upon the manner and extent to which the evidence comes in. The Court finds it more prudent to make the determination as to an appropriate instruction on a more full record and will entertain proposals and arguments then. *See* Ninth Circuit Manual of Model Criminal Jury Instructions, No. 2.11; *see also Dowling*, 493 U.S. at 353 (finding that admission of evidence of other acts for which defendant was acquitted did not violate fundamental fairness, "[e]specially in light of the limiting instructions provided by the trial judge"). Accordingly, the Court reserves and therefore **DENIES WITHOUT PREJUDICE** the portion of defendant's motion seeking such an instruction.

This Order Terminates Docket Number 363.

**IT IS SO ORDERED.**

Dated: August 30, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**