UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff, <br> v. <br> **BRIAN FEDERICO**, <br> Defendant. | Case No. 12-CR-00862-YGR-2 <br><br> **TRIAL ORDER NO. 2 RE: DEFENDANT'S MOTION IN LIMINE NO. 2 AND SUPPLEMENTAL BRIEFING** <br><br> Re: Dkt. No. 358, 408, 409 |

Defendant's Motion *in Limine* No. 2 seeks to exclude evidence relating to Matrix's internal employee policies and codes of conduct on the basis that those policies and codes are irrelevant to the issue of whether defendant engaged in the conduct alleged in the indictment.[1] (Dkt. No. 358.) During the pretrial conference on August 16, 2019, defendant raised, for the first time, the argument that the government's intent to introduce this evidence, as well as the government's proposed jury instructions and its statements to the Court indicate that the government's case-in-chief at trial may result in a constitutionally prohibited constructive amendment of the indictment in violation of the Fifth Amendment.[2] The motion is **DENIED WITHOUT PREJUDICE**.

---

[1] As a preliminary matter, this argument fails. Evidence of and testimony related to Matrix's internal policies, including the code of conduct, are relevant to the materiality to alleged victim Matrix of defendant's alleged conduct. *See* Ninth Circuit Model Crim. Jury Instr. 8.121 (stating that the elements of mail fraud include that the "statements made or facts omitted as part of the scheme were material; that is, they have a natural tendency to influence, or were capable of influencing, a person top art with money or property"). Moreover, defendant's supplemental briefing on Motion *in Limine* No. 2 does not address this issue. Accordingly, the Court **DENIES** this portion of defendant's motion.

[2] The Court has received and reviewed parties' supplemental briefing on this issue. (Dkt. Nos. 408, 419.)

The Fifth Amendment to the Constitution provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. Thus, under the Fifth Amendment, it is a constitutional error to allow a federal criminal defendant to be convicted of a felony based on facts and theories not alleged in the indictment. *Stirone v. United States*, 361 U.S. 212, 217-18 (1960) ("Ever since *Ex Parte Bain*, 121 U.S. 1, 7 . . . was decided in 1887, it has been the rule that after an indictment has been returned its charged may not be broadened through amendment except by the grand jury itself."); *see also United States v. Garcia-Paz*, 282 F.3d 1212, 1215 (9th Cir. 2002). A constructive amendment of the indictment occurs when the Court alters the charging terms of the indictment after the grand jury has made its charges. *United States v. Adamson*, 291 F.3d 606, 614 (9th Cir. 2002). A variance occurs when the evidence offered at trial proves facts different from those alleged in the indictment. *Id.* Although a constructive amendment is always fatal, a variance is fatal only if it prejudices the defendant's substantive rights. *Id.*

Here, the indictment alleges a conspiracy count under 18 U.S.C. § 1349 and five mail fraud counts under 18 U.S.C. §1341, which allege that defendant conspired with others to defraud and did defraud Matrix "by submitting false and fraudulent invoices for materials used and work performed by the businesses knowing that the materials had not been used and the work had not been performed[,]" (*See* Dkt. No. 408 ("Defendant's Suppl.") at 3.) Defendant argues that the jury instructions proposed by and the evidence relating to Matrix's internal policies and code of conduct proffered by the government "show that the government intends . . . to argue to the jury that [defendant] either 1) conspired to defraud Matrix of its right to the honest services of its employees by failing to disclose a conflict of interest, or 2) devised a scheme to defraud Matrix of money or property by failing to disclose the conflict of interest of the project managers." (*Id.* at 4-5.) Defendant asserts that both of these arguments fall outside of the offenses charged in the indictment and therefore constitute a constructive amendment of the indictment. (*Id.* at 4.)

Defendant's argument is premature. Defendant fails to identify any authority for determining whether constructive amendment of the indictment has occurred before the presentation of evidence. *See United States v. Ward*, 747 F.2d 1184, 1191 (9th Cir. 2014) (finding

2

that "the determination of whether a constructive amendment has been effected requires sensitivity to both the jury instructions as a reflection of the indictment and to the nature of the proof offered at trial"). Accordingly, the Court **DENIES** this portion of defendant's motion without prejudice to bringing the motion again at the completion of evidence.[3]

This Order terminates Docket Number 358.

**IT IS SO ORDERED.**

Dated: September 3, 2019

*YVONNE GONZALEZ ROGERS*
**UNITED STATES DISTRICT COURT JUDGE**

---

[3] Accordingly, the Court finds defendant's motion to disclosure grand jury transcripts similarly premature and **DENIES** the motion without prejudice to bringing the motion again at the appropriate time.