| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>**BRIAN FEDERICO**,<br>Defendant. | Case No. 12-cr-00862-YGR-2<br>**ORDER GRANTING BRIAN FEDERICO'S REQUEST TO CORRECT CLERICAL ERROR IN AMENDED JUDGMENT, AND DENYING THE UNITED STATES' MOTION TO CORRECT CLERICAL ERROR IN THE AMENDED JUDGMENT**<br>Re: Dkt. Nos. 491, 500 |

Following a nearly two-week trial, a jury quickly convicted defendant Brian Federico on all three counts tried against him: a single count of conspiracy to commit mail fraud under 18 U.S.C. § 1349, and two individual counts of mail fraud. Federico and the United States now both move under Federal Rule of Criminal Procedure 36 ("Rule 36") to correct purported clerical errors in the amended judgment. (Dkt. Nos. 491, 500.)

Under Rule 36, "[a]fter giving notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." "Rule 36 is a vehicle for correcting *clerical* mistakes but it may not be used to correct judicial errors in sentencing." *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003) (emphasis original). Rule 36 does not "allow reassessment of the merits of an earlier decision," and can do no more than conform the sentence to that which the record indicates was intended. *United States v. Jones*, 608 F.2d 376 (9th Cir. 1979). *See also United States v. Kaye*, 739 F.2d 488, 490-91 (9th Cir. 1984). If the error is not a clerical one, the Court has "no authority to amend the sentence after entry of the judgment and the commitment order." *United States v. Ceballos*, 671 F.3d 852, 854 (9th Cir. 2011). An error is clerical if "what is spoken, written, or recorded is not what the court intended to speak, write or record." *Kaye*, 739 F.2d at 491.

First, Federico requests that the Court correct the date contained under the heading "Offense Ended" for count one, conspiracy to commit mail fraud in violation of 18 U.S.C. section

1349, 1343. The amended judgment currently contains the date of "August 10, 2015." (Dkt. No. 488.) As alleged in the indictment, however, the conspiracy ended "in or about August 2010," not 2015. (Dkt. No. 1, ¶ 11.) That same date was also included in the jury instructions. (Dkt. No. 446 at 8 ("With respect to Count One, the government alleges beginning on a date unknown, but no later than in or about 2006, and continuing to, in or about August 2010 . . . the defendants . . . conspired to defraud Matrix . . . .").) The conspiracy instruction for count one also informed the jury that the conspiracy ended no later than 2010. (*Id.* at 10 ("Beginning on or about an unknown date, but not later than in or about 2006, and ending on or about 2010, there was an agreement between two or more persons to commit Mail Fraud . . . .").)

Federico also notes that all of the judgments issued against the co-defendants in the instant case state that the conspiracy offense ended "August 2010." (*See* Dkt. No. 103 (Judgment for Charles Burnette stating conspiracy offense ended "August 2010"); Dkt. No. 196 (Judgment for Brandon Hourmouzus stating the same); Dkt. No. 231 (now-vacated Judgment for Kevin Laney stating the same); Dkt. No. 261 (Judgment for Miguel Ibarria stating the same).) Federico also highlights that the defendants were indicted in 2012 and that both Federico and co-defendant Kevin Laney were initially tried in June 2015 (Dkt. Nos. 149-159), making it impossible for the conspiracy to have continued until August 2015. (Dkt. No. 491 at 2.)

Having reviewed the docket in this matter, and in light of no opposition received from the United States as to Federico's request, the Court agrees that the error in the amended judgment as to the "Offense Ended" for count one is a clerical error that may be corrected under Rule 36. Thus, the Court **GRANTS** Federico's request to correct the clerical error under the "Offense Ended" heading as to count one.

Second, the United States moves to correct a purported clerical error in the amended judgment as to the date under the "Offense Ended" as to count two, which currently lists the date as "December 7, 2007." The government states that it does so to conform with the Court's earlier ruling denying Federico's motion for acquittal under Federal Rule of Criminal Procedure 29 ("Rule 29"); specifically, that the Court found that the statute of limitations did not commence until Federico obtained his share of the illicit funds from the crime charged as to count two. (Dkt.

2

No. 500; *see also* Dkt. No. 460 (Order).)

Federico opposes the motion, highlighting that: (1) the December 7, 2007 date listed conforms to the indictment (Dkt. No. 1, ¶13), the government's evidence at trial (Gov. Ex. 1008K (check)), and jury instructions identifying the December 7, 2007 date based on the mailed check (Dkt. No. 446 at 11 ("With respect to Count Two, Matrix check no. 25665662 in the amount of $90,000 made payable to Imperial.")); (2) the jury made no factual finding as to the date Federico actually received the profit; (3) the Court made no explicit finding in the Order denying Federico's motion pursuant to Rule 29; and (4) to the extent that the Court would now need to make a factual determination as to this date, the Court is without jurisdiction to do so as the "timely filing of a notice of appeal divests the trial court of jurisdiction." *Rains v. Flinn* (*In re Rains*), 428 F.3d 893, 903 (9th Cir. 2005) (*citing In re Silberkraus*, 358 F.3d 1107, 1111 (9th Cir. 2004)).

Having reviewed the docket in this matter, the Court agrees that the purported error – if it is indeed an error – is not clerical in nature such that Rule 36 permits the Court to alter the amended judgment. As noted above, the December 7, 2007 date listed conforms to the indictment, to the evidence introduced by the government at trial, and to the jury instructions submitted by the parties. The government cites no authority in its briefing demonstrating that such an error would be clerical in nature. Instead, as stated previously, an error is clerical if "what is spoken, written, or recorded is not what the court intended to speak, write or record." *Kaye*, 739 F.2d at 491. Here, neither the Court nor the jury made any factual findings as to the specific date that Federico received his share of the profits from the mail fraud scheme, and the Court is now without jurisdiction to do so. *See In re Rains*, 428 F.3d at 904 (during the pendency of the appeal, the district court "may not alter or expand upon the judgment" (internal quotation marks omitted)). Thus, the Court **DENIES** the government's motion to correct the asserted clerical error in the amended judgment as the error is not clerical, and the Court is otherwise without jurisdiction to change the amended judgment.

Accordingly, in light of the foregoing, the Court **AMENDS** the amended judgment to reflect that the "Offense Ended" under Count 1 is "August 2010," and not "August 10, 2015." A second amended judgment will issue to reflect the disposition of this Order.

3

This Order terminates Docket Numbers 491 and 500.

**IT IS SO ORDERED.**

Dated: March 25, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**