UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff, <br> v. <br> **BRIAN FEDERICO**, <br> Defendant. | Case No. 4:12-cr-00862-YGR-2 <br><br> **ORDER: (1) DENYING MOTION FOR RELEASE ON BAIL PENDING APPEAL; AND (2) CONTINUING SURRENDER DATE** <br><br> Re: Dkt. Nos. 510 |

Following a nearly two-week trial, a jury quickly convicted defendant Brian Federico on all three counts tried against him: a single count of conspiracy to commit mail fraud under 18 U.S.C. § 1349, and two individual counts of mail fraud. Federico has now filed a motion for release on bail pending appeal, in part based on the ongoing coronavirus disease (COVID-19) pandemic, or, in the alternative, for a deferral of his surrender date to later next year. (*See* Dkt. No. 510.) The government opposes the motion. (Dkt. No. 525.) The matter is fully briefed. (*See* Dkt. Nos. 526 (reply), 529 (supplemental response), 530 (reply to supplemental response).)

Having carefully reviewed the record, the papers submitted on each motion, and for the reasons set forth below, the Court **DENIES** the motion for release on bail pending appeal. However, in light of the ongoing COVID-19 pandemic, which has continued unabated since the Court's prior Orders (Dkt. Nos. 512, 515), the Court **CONTINUES** Federico's surrender date to Federico's requested date of **January 24, 2021**.

The standard for such motions is not in dispute. Thus:

Under the Bail Reform Act, a court must "order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained," unless the court finds the defendant is entitled to relief. 18 U.S.C. § 3143(b)(1). Such a defendant must be detained pending appeal unless the court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) (or (c) of [title 18]." 18 U.S.C. § 3143(b)(1)(A). Even if the court

1  makes such a finding, detention is still mandatory unless there is a finding that "the appeal is not

2  for the purpose of delay and raises a substantial question of law or fact likely to result in" reversal,

3  an order for a new trial, a non-custodial sentence, or a reduced sentence less than what has already

4  been served plus the expected duration of the appeal process.  18 U.S.C. § 3143(b)(1)(B).

5         The Act "shift[s] the burden of proof from the government to the defendant" to

6  demonstrate entitlement to release.  *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985).

7  The defendant thus has the burden to overcome the presumption of detention.  *United States v.*

8  *Montoya*, 908 F.2d 450, 451 (9th Cir. 1990); *see also* Fed. R. Crim. P. 46(c); *see also United*

9  *States v. Garcia*, 340 F.3d 1013, 1015 (9th Cir. 2003) ("In general, persons convicted of federal

10  crimes are not eligible for release pending appeal unless [the court finds that the conditions

11  articulated in 18 U.S.C. § 3143(b)(1)(A) and (B) are satisfied]").

12         In the bail context, "'substantial' defines the level of merit required in the question

13  presented, and 'likely to result in reversal or an order for a new trial' defines the type of question

14  that must be presented."  *Handy*, 761 F.2d at 1280.  Under the first part of this two-part analysis,

15  "[a] 'substantial question' is one that is fairly debatable or fairly doubtful."  *United States v.*

16  *Wheeler*, 795 F.2d 839, 840 (9th Cir. 1986).  Stated otherwise, the court should consider "'whether

17  there is a school of thought, a philosophical view, a technical argument, an analogy, an appeal to

18  precedent or to reason commanding respect that might possibly prevail.'"  *Handy*, 761 F.2d at 1281

19  (quoting *Herzog v. United States*, 75 S. Ct. 349, 351 (1955)); *see also United States v. Baras*, Case

20  No: CR 11-00523-YGR, 2014 WL 4728992, at *3 (N.D. Cal. Sept. 18, 2014) (recognizing that a

21  "question is substantial if it is 'fairly debatable or fairly doubtful." (internal quotation marks

22  omitted)).  "'Fairly debatable or fairly doubtful' means the question 'is one of more substance than

23  would be necessary to a finding that it was not frivolous."  *Baras*, 2014 WL 4728992, at *3

24  (quoting *Montoya*, 908 F.2d at 451).  "Questions may be fairly debatable or fairly doubtful if they

25  are novel questions, or questions that cannot be readily answered by controlling precedent."  *Id*.

26         "The second part of the analysis - whether the substantial question is likely to result in

27  reversal, a new trial, a non-prison sentence, or a sentence reduced to less than the time that would

28  be served by the end of the appeal process - concerns only the type of question that meets the

requirement; it does not involve assessing the likelihood that a reversal will occur in the particular case." *Id.* (citing *Garcia*, 340 F.3d at 1021 n. 5). "'The defendant, in other words, need not, under *Handy*, present an appeal that will likely be successful, only a non-frivolous issue that, if decided in the defendant's favor, would likely result in reversal or could satisfy one of the other conditions.'" *Id*. (quoting *Garcia*, 340 F.3d at 1021 n.5). As stated by the Ninth Circuit in *United States v. Miller*, 753 F.2d 19, 23 (9th Cir. 1985):

> A question of law or fact may be substantial but may, nonetheless, in the circumstances of a particular case, be considered harmless, to have no prejudicial effect, or to have been insufficiently preserved. A court may find that reversal or a new trial is "likely" only if it concludes that the question is so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.

The government concedes that Federico is neither a flight risk nor a danger to the community. (*See* Dkt. No. 525 at 4.) Thus, the analysis here turns on whether Federico can demonstrate that the identified grounds in the motion satisfy the "substantial question" two-part analysis. These identified grounds include: (1) improper admission of evidence and the denial of a limiting instruction as to that evidence with regards to the conspiracy conviction; (2) the denial of an instruction on multiple conspiracies under *Kotteakos*; (3) that Federico's convictions were the result of impermissible constructive amendment; (4) that his conviction under count two must be reversed as time-barred; (5) the calculations of loss amount; and (6) that the mail fraud instruction given to the jury were flawed and issued in plain error. Federico avers that, based on these grounds, he should be released on bail pending his appeal to the Ninth Circuit.

Federico does not persuade. Having reviewed these grounds, the parties' briefing, and the record in this case, the Court finds that Federico has failed to carry his burden in demonstrating that these proffered grounds satisfy the two-part "substantial question" test. These grounds fail to demonstrate *both* that: (1) the issues are "fairly debatable" or "fairly doubtful"; and (2) that, even if successful, would result in a reversal, a new trial, a non-prison sentence, or a sentence reduced to less than the time that would be served by the end of the appeal process. Accordingly, the motion for bail pending appeal is **DENIED**.

3

1    Although the Court finds that Federico's proffered grounds for bail pending appeal are
2    without merit, the Court otherwise finds good cause for a continuance of Federico's surrender date
3    in light of the ongoing COVID-19 pandemic.  The Court previously issued Orders at the initial
4    stage of the outbreak continuing Federico's surrender date, from April 24, 2020 to August 24,
5    2020.  Since the time of these Orders, the situation and outlook have only worsened: the United
6    States has been woefully unsuccessful in both containing or minimizing the outbreak.
7    Consequently, COVID-19 continues unabated in many communities throughout the nation.  As
8    Federico highlights in his briefing, infections have spread to many Bureau of Prison facilities.
9    Indeed, courts have found such facilities and the individuals imprisoned therein to be highly at risk
10   of COVID-19.  *See United States v. Barber*, --- F. Supp. 3d---, Case No. 6:18-cr-00446, 2020 WL
11   2404679, at *3 (D. Or. May 12, 2020) ("Prisoners are particularly vulnerable to infection due to
12   the nature of their incarceration," including because they cannot "adequately follow social
13   distancing and sanitary guidelines recommended to avoid the spread of infection."); *United States*
14   *v. Fields*, --- F. Supp. 3d ---, Case No. 3:12-cr-00022, 2020 WL 2744109, at *5 (D. Alaska May 6,
15   2020) (noting that "the global COVID-19 pandemic" makes "prisoners . . . particularly vulnerable
16   to infection.").  The Court therefore declines to require Federico – who is neither a flight risk nor a
17   danger to the community – to surrender himself to the custody of the Bureau of Prisons at this
18   time in this heightened risk environment.  Thus, the Court finds good cause for **CONTINUING**
19   Federico's surrender date to his requested date.
20   Accordingly, for the foregoing reasons, the motion for bail pending appeal is **DENIED**;
21   however, Federico's surrender date is **CONTINUED** from August 24, 2020 to **January 24, 2021**.
22   This Order terminates Docket Number 510.
23   **IT IS SO ORDERED.**
24   Dated: August 14, 2020

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**